HAMITER, Justice
(concurring).
On the original hearing of this cause I did not realize that the law of evidence grants to an accused the right of almost unlimited cross examination of an accomplice testifying for the state. It was during my thorough study made in connection with the application for the rehearing that I became fully cognizant of the broad scope of the general rule on the subject which is well stated in 3 Wharton’s Criminal Evidence (11th Edition), Section 1297, as follows :
“ * * * The 'accused has the right freely to cross-examine an accomplice testifying for the state as to his motives, bias, interest, relation to the crime, the persons connected with it, and other matters tending to impeach his fairness or impartiality. * * * Great latitude, from the nature of the case, is allowed in the cross-examination of an accomplice, and the most searching questions are permitted in order to test his veracity. Indeed, it is held that the widest latitude should be allowed in the cross-examination of an accomplice; he will be compelled to make a full statement of the matter, notwithstanding it may criminate him, but he is not required to answer as to other crimes.”
This rule of evidence, it appears, was not recognized 'and given effect by the district judge during the cross examination by the present defendant of the accomplice Gallagher.
‘ Therefore, I concur in the decree rendered on this rehearing.